Maxine COMBS, Plaintiff,

v.

C.A.R.E., INC., Defendant.

No. PB–C–84–225.

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

Sept. 23, 1985.

John L. Kearney, Pine Bluff, Ark., for plaintiff.

Russell Gunter and Kathryn D. Holt, House, Wallace, Nelson & Jewell, Little Rock, Ark., for defendant.

## ORDER

HENRY WOODS, District Judge.

This case is pending before the Court on the defendant's motions for summary judgment and to dismiss plaintiff's demand for punitive damages.

Plaintiff is a black female who was employed by defendant nursing home for eleven years as an aide. After she was fired by defendant, she filed an EEOC charge claiming she had been discriminated against because of her race. She stated as the basis of her claim that although defendant's Administrator said she was discharged after receiving three warnings, in actuality she was aware of only one. She also complained of disparate treatment in that three white aides received three or more warnings but were not terminated.

The EEOC determined there was not reasonable cause for belief in the truth of plaintiff's allegation and issued a Notice of Right To Sue. Plaintiff filed suit in federal court alleging violations of Title VII of the

Civil Rights Act of 1964 and of the Fourteenth Amendment to the Constitution. According to plaintiff's complaint, defendant engaged in "racially discriminatory hiring, promotion, termination, wages, placement, and other policies and practices." Plaintiff requests declaratory and injunctive relief as well as compensation for lost wages, reinstatement, punitive damages, costs, expenses, and attorney's fees.

■ The Court first considers plaintiff's claim under the Fourteenth Amendment to the Constitution. The Fourteenth Amendment prohibits a state from violating the privileges and immunities of any citizen of the United States. It is well-settled that the prohibitions of the Fourteenth Amendment apply only to the states and not to acts of individuals. *See, e.g., Watkins v. Oaklawn Jockey Club*, 183 F.2d 440 (8th Cir.1950). Plaintiff in her cause of action fails to allege any involvement by the state and therefore her claim under the Fourteenth Amendment must be dismissed.

As to the remainder of plaintiff's claims, the Court of Appeals for the Eighth Circuit has stated that a plaintiff may file a suit under Title VII on those claims "like or related to" the substance of the EEOC charge. *Satz v. ITT Financial Corp.*, 619 F.2d 738, 742 (8th Cir.1980). Title VII envisions that the EEOC will have had the opportunity to obtain voluntary compliance before an issue becomes the subject of a civil suit. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir.1970). Plaintiff's narrow charge before the EEOC concerned only discrimination in firing. Furthermore, the EEOC Letter of Determination deals only with plaintiff's discharge. There is no evidence that the EEOC investigation involved or reasonably should have involved any issue other than termination.

■ This Court is mindful that in considering the breath of an EEOC charge, it must broadly and liberally construe the terms in order to effect the remedial and humanitarian purposes of Title VII. *EEOC v. Western Publishing Co.*, 502 F.2d 599 (8th Cir.1974). However, it cannot be fairly said that plaintiff's complaints of discrimination in promotion, wages, placement, and "other policies and practices" are like or related to the charge of discrimination in firing.

■ U.S. District Judge G. Thomas Eisele, in a case remarkably similar to the case at hand, reached the same conclusion. Judge Eisele stated, "[C]laims of discrimination in promotion, pay, training, work conditions, and requirements are not like or related to the discharge claim." *Paulino v. Miller*, 32 F.E.P. 1230 (E.D.Ark.1983). It is the custom of judges in this district to follow the decisions reached by their colleagues unless the facts of a particular case warrant a different result. This practice, as applied to questions of state law, has been approved by the judges of the Court of Appeals. *Brown v. Missouri Pacific Railroad*, 703 F.2d 1050 (8th Cir. 1983).

Furthermore, the plaintiff in her deposition abandoned the claims of discrimination relating to promotion and wages. She stated, "They haven't discriminated [against] me in promotions." Plaintiff's deposition at page 22. In answer to the question, "[H]ow did they discriminate against you in wages," she answered, "They haven't." *Id.* Plaintiff's claims must therefore be dismissed pursuant to Fed.R.Civ.P. 12(h)(3).

■ Defendant's final argument concerns whether a claim for punitive damages is cognizable under Title VII. Punitive damages are not expressly authorized by Title VII. Furthermore, the catch-all remedy clause refers to "any other *equitable* relief" and not to money damages. 42 U.S.C.A. § 2000e–5(g) (1981) (emphasis supplied). The majority of courts have denied punitive damages under this statute. *E.g., Great American Federal Savings & Loan Assn. v. Novotny*, 442 U.S. 366, 374–75 and n. 17, 99 S.Ct. 2345, 2350 and n. 17, 60 L.Ed.2d 957 (1979). *See generally* 2 A. Larson, *Employment Discrimination*, § 52.42 (1985). Courts within this circuit have reached the same result. *Hybki v. Alexander & Alexander, Inc.*, 536 F.Supp. 483 (W.D.Mo.1982); *Gan v. Kepro Circuit*

*System,* 28 F.E.P. 637 (E.D.Mo.1981); *Cervantes v. Dobson Brothers Construction Co.,* 25 F.E.P. 1405 (D.Neb.1976). This Court agrees with their conclusion and holds that punitive damages are not recoverable under Title VII.

For the reasons stated above, IT IS ORDERED that plaintiff's claims of discrimination in hiring, promotion, wages, placement, and other policies and practices be dismissed. Plaintiff will proceed to trial on the termination issue.

Defendant's motion to dismiss plaintiff's claim for punitive damages is hereby granted.