**Yakov BELIK and Sofia Belik**

v.

**ADVANCE PROCESS SUPPLY CO., et al.**

v.

**PENN EMBLEM CO., et al.**

**Civ. A. No. 91–6849.**

United States District Court, E.D. Pennsylvania.

June 1, 1993.

Frank M. McClelland and Marilyn A. Rigmaiden, Philadelphia, PA, for plaintiffs, Belik.

Kevin J. O'Brien and Joseph P. Klein, Philadelphia, PA, for Advance Process.

Warren E. Voter, Philadelphia, PA, for Dow Chemical.

I. Steven Levy, Philadelphia, PA, for Phillips & Jacobs.

Timothy S. Coon and Willis A. Siegfried, Pittsburgh, PA, for Miles Corp.

Carlo Scarmella, Cherry Hill, NJ, for Quaker City.

Sharon M. Irwin, Philadelphia, PA, for Unocal.

Mitchell S. Pinsly and Lisa J. Abramson, Philadelphia, PA, for EMCO Chemical.

Hugh M. Emory and Michael S. Willner, Philadelphia, PA, for Occidental.

Arthur S. Gabinet, Philadelphia, PA, for ASHTA.

Rocco P. Imperatrice, III, Newtown Square, PA, for Ashland.

William J. Ricci, Philadelphia, PA, for Vulcan.

Donald F. Borrell, Philadelphia, PA, for Penn Emblem.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This is a products liability suit against the distributors and manufacturers of toxic chemicals to which plaintiff, an employee of the Penn Emblem Company, was allegedly exposed during his employment. Advance Process Supply Company, one of the distributors, filed a third-party complaint against Penn Emblem charging that the employer fraudulently misrepresented information to the plaintiff, thus aggravating plaintiff's injuries. Penn Emblem has moved to dismiss, contending that it is immune from liability under the Pennsylvania Workers' Compensation Act, 77 P.S. § 481(b). I agree and will grant Penn Emblem's motion.

Under the exclusivity provision of the Workers' Compensation Act (WCA), 77 P.S. § 1 *et seq.*, Penn Emblem, the employer, is statutorily immune from "liabil[ity] to a third party for damages, contribution, or indemnity in any action at law, or otherwise...." 77 P.S. § 481(b).[1] The only statutory exception is if liability is expressly provided for by prior written contract. *Id.*

Advance Process contends, however, that it can sue Penn Emblem under the exception created by *Martin v. Lancaster Battery Co.*, 530 Pa. 11, 606 A.2d 444 (1992). In *Martin*, the Pennsylvania Supreme Court

1. Section 481(b) states:

    In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

held that where an employee alleges that fraudulent misrepresentations by his employer aggravated his work-related injury, the employee's claim is not barred by section 481(a) of the WCA, which limits employers' liability to their employees.[2]  *Id.,* 606 A.2d at 446.  While the Pennsylvania Supreme Court had previously held that an intentional tort suit against an employer was barred, *Poyser v. Newman & Co.,* 514 Pa. 32, 522 A.2d 548 (1987), it found *Martin* to be a distinguishable case on two grounds.  It explained that first, the employer's misrepresentation in *Martin* was made directly to the employee, and second, the employee sought compensation for the *aggravation* of his injury, not for the injury itself.  606 A.2d at 447.

Now mindful of *Martin,* Advance Process alleges that Penn Emblem misrepresented information to an employee and that this misrepresentation aggravated his work-related injury.  Advance Process, however, is not that employee.  Whether or not *Martin* permits *third-party* plaintiffs to sue employers under section 481(b) is a matter of first impression.  I hold that it does not.  Just because *Martin* punctures an employer's immunity as to an *employee's* claim that the employer's misrepresentation aggravated his injury, it does not do so for third-parties to whom that misrepresentation was not made.  In other words, Advance Process lacks standing to charge Penn Emblem with fraud.

■  Moreover, I hold that *Martin* must be construed narrowly in order to protect the integrity of 77 P.S. § 481(b).  If all defendant/third-party plaintiffs in product liability suits could independently sue the employers—who are otherwise immune from liability under section 481(b)—the protection which those employers bargained for would be severely undermined.  The *Martin* exception is

reserved for plaintiff/employees whose employers' fraudulent misrepresentations aggravated their work-related injuries.  *See Rodgers v. Prudential Ins. Co.,* 803 F.Supp. 1024, 1030 (M.D.Pa.1992) (calling the *Martin* exception "very narrow"); *Henry v. Twin City Fire Ins. Co.,* No. 92–1504, 1992 WL 129619, at *2, 1992 U.S.Dist. LEXIS 9035, at *7 (E.D.Pa. June 10, 1992) (same); *Santiago v. Pennsylvania Nat'l Mutual Cas. Ins. Co.,* 418 Pa.Super. 178, 613 A.2d 1235, 1241 (1992) (calling it "limited").

Section 481(b) bars Advance Process's third-party complaint against Penn Emblem.  An order follows.[3]

### ORDER

AND NOW, this 1st day of June, 1993, it is hereby ordered that:

1.  The motion of third-party defendant, Penn Emblem Company, to strike the response of third-party plaintiff, Advance Process Supply Company, to its motion to dismiss is denied.

2.  The motion of third-party plaintiff, Advance Process Supply Company, to enlarge time *nunc pro tunc* is granted.

3.  The third-party complaint of Advance Process Supply Company against Penn Emblem Company is dismissed.

---

**2.**  Section 481(a) states:

> The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

**3.**  I will also deny Penn Emblem's motion to strike Advance Process's response to its motion

to dismiss on the ground that it was filed seven days late.  In fact, it was filed only one day late.  *See* Fed.R.Civ.P. 6(a) (when the period of time prescribed is less than 11 days [here it was 10], intermediate Saturdays, Sundays, and legal holidays are excluded).  Rule 6(e) then adds three mailing days.

Conceding its lateness, Advance Process asks that I enlarge its time for filing a response *nunc pro tunc,* which I will.  I must still dismiss its third-party complaint, however, for the reasons described above.