924 F.Supp. 932 (1995)
Sherry SWARTZBAUGH, Plaintiff,
v.
STATE FARM INSURANCE COMPANIES, Defendant.
No. 4:95-CV-766 (CEJ).
United States District Court, E.D. Missouri, Eastern Division
December 27, 1995.
*933 Althea P. Johns, St. Louis, MO, for Plaintiff.
James N. Foster, Jr. and Daniel R. Begian, McMahon and Berger, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
JACKSON, District Judge.
This matter is before the Court on defendant State Farm Insurance Companies' motion to dismiss or strike portions of plaintiff's complaint. See Fed.R.Civ.P. 12(b)(6), (f). Plaintiff has filed a memorandum in opposition to the motion.
On April 28, 1995 plaintiff filed a four-count complaint alleging age and sex discrimination. Count I alleges that defendant violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., by demoting plaintiff on January 5, 1993 because of her age. Count II alleges that following the demotion defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by paying plaintiff less than the male employee whom she replaced and by retaliating against her for filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). In Count III, plaintiff re-asserts her claims of discrimination and retaliation pursuant to 42 U.S.C. § 1981a. Finally, in Count IV plaintiff claims that the defendant's actions violated the Missouri Human Rights Act ("MHRA"), Mo.Rev.Stat. § 213.010 et seq. Plaintiff also seeks relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.
*934 The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. Id. Thus,
[i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations", ... a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.
Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)).
The ADEA requires an aggrieved person to file a charge of discrimination with the EEOC within 300 days of the alleged violation. 29 U.S.C. § 626(d)(2). Plaintiff filed an age discrimination claim with the EEOC on July 7, 1993. Title VII also requires the filing of an EEOC charge within 300 days of the alleged act of discrimination. 42 U.S.C. § 2000e-5(e); Worthington v. Union Pacific R.R., 948 F.2d 477, 479 (8th Cir.1991). Plaintiff filed a sex discrimination claim with the EEOC on December 5, 1994.
First, defendant argues that the ADEA claim is untimely. Plaintiff alleges that she was demoted on January 5, 1993 because of her age. The charge of age discrimination plaintiff filed on July 7, 1992 was well within the 300-day limit imposed by the statute. However, the charge of age discrimination was not timely with respect to any claim that is based on the allegations contained in paragraphs 5 through 13 of the complaint. These allegations pertain to matters that occurred more than 300 days prior to the filing of the administrative charge. Therefore, the Court will strike paragraphs 5 through 13 as incorporated by reference in Count I.
Second, defendant argues that portions of the sex discrimination claim are time barred. In Count II, plaintiff alleges that she was transferred and demoted to a lower paying position on January 5, 1993. She also alleges that the male employee she replaced had been paid a higher salary. Defendant argues that because the demotion and accompanying reduction in pay occurred more than 300 days prior to the filing of the December 5, 1994 EEOC charge, the sex discrimination claim based on these events is untimely. Unlawful discrimination in the payment of wages occurs "not only when an employer sets pay levels, but as long as the discriminatory differential continues." Satz v. ITT Financial Corp., 619 F.2d 738, 743 (8th Cir. 1980). In the present case, the plaintiff is still employed by defendant; therefore, the alleged discrimination in pay is continuing and the claim is not untimely.
Third, defendant argues that Count III should be dismissed. Defendant argues that § 1981a does not create an independent cause of action, but merely provides for additional relief in Title VII suits. Thus, defendant argues that the proper way to plead § 1981a damages would have been to include them in Count II. The Court agrees and will grant defendant's motion to strike Count III. However, the plaintiff may file an amended complaint which incorporates the relief sought under § 1981a in her Title VII claim.
Fourth, defendant argues that portions of the MHRA claim should be dismissed or stricken because the alleged acts occurred more than two years prior to the filing of this lawsuit. Under Missouri law, plaintiff must file suit within 90 days of receiving a right to sue letter from the Missouri Human Rights Commission but no later than two years after the alleged discriminatory act occurred. Mo.Rev.Stat. § 213.111 (1986). This statute of limitation is strictly construed. Hill v. John Chezik Imports, 797 S.W.2d 528, 530 (Mo.Ct.App.1990). In the *935 present case, plaintiff filed suit on April 28, 1995. Thus, to be actionable the alleged acts must have occurred on or after April 28, 1993. Because the allegations in paragraphs 5 through 25 occurred before April 28, 1993 the Court will strike those paragraphs as incorporated by reference in Count IV.
Finally, defendant argues that plaintiff's claims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, should be dismissed because the claims seek relief for alleged discrimination beyond the scope of plaintiff's EEOC charges. In Count I, plaintiff asks the Court to "[d]eclare that Defendant has engaged in unlawful employment practices against Plaintiff, Sherry Swartzbaugh, and other employees of the age of forty (40)...." Similarly, in Count II, plaintiff seeks a declaration that "[d]efendant's policies are violative of Title VII...." Defendant argues that plaintiff did not make these allegations in her EEOC charges. In employment discrimination cases, the plaintiff may raise claims in court only if they are "like or related" to the substance of the charge before the EEOC. Satz, 619 F.2d at 741 (holding that claim of denial of training opportunities was "like or related to" unequal pay and denial of promotion claims); Combs v. C.A.R.E., Inc., 617 F.Supp. 1011, 1012 (E.D.Ark.1985) (holding that claims of discriminatory hiring, promotion and placement were not "like or related to" claim of discrimination in firing). The purpose of the "like or related to" requirement is to allow the EEOC to attempt to obtain voluntary compliance before a civil suit is filed. Combs, 617 F.Supp. at 1012.
In the present case, the Court finds that the claims under the Declaratory Judgment Act are "like or related to" the EEOC charges. All the claims are based on the same allegations, i.e., that plaintiff was demoted and received discriminatory pay. Therefore, the Court will not strike plaintiff's claims under § 2201.
IT IS HEREBY ORDERED that defendant's motion to dismiss or to strike is granted in part and denied in part.
IT IS FURTHER ORDERED that paragraphs 5 through 13 as incorporated by reference in Count I are stricken from the complaint.
IT IS FURTHER ORDERED that paragraphs 5 through 25 as incorporated by reference in Count IV are stricken from the complaint.
IT IS FURTHER ORDERED that the motion to dismiss Count III is granted. Plaintiff may file an amended complaint to include a claim for relief based on 42 U.S.C. § 1981a within ten (10) days of the date of this Order.