David P. MALONE, Plaintiff,

v.

**SPECIALTY PRODUCTS AND INSULATION CO. and Irex Corporation, Defendants.**

No. Civ. A. 97–7364.

United States District Court, E.D. Pennsylvania.

Aug. 13, 1998.

Wayne A. Fly, Timothy M. Kolman & Assoc., Langhorne, PA, for Plaintiff.

Jonathan Kane, Susan K. Lessack, Robert J. Mannino, Gollatz, Griffin & Ewing, P.C., Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Presently before the Court is Defendants', Speciality Products and Insulation Co. ("Speciality") and Irex Corp. ("Irex") (collectively "Defendants"), Motion to Dismiss Counts III, IV, and V of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Motion is denied in part and granted in part.

## BACKGROUND

Plaintiff, David Malone ("Malone" or "Plaintiff"), alleges the following facts. Plaintiff was hired by Defendants in December of 1987 as a truck driver. Plaintiff received a promotion in 1988 to the position of inside salesperson. In 1994 or 1995, Plaintiff, who suffers from chronic asthma, informed Defendants that he would need an accommodation for his disability since the cigarette smoke of other employees in the workplace was aggravating his disability. These employees smoked in and around areas through which the Plaintiff had to pass to perform the essential functions of his position. Defendants assured Plaintiff that they would rectify the situation. However, Defendants failed to correct the problem, and the employees continued to flagrantly smoke in certain areas of the building.

Due to the smoke in the work environment, Plaintiff's asthma was aggravated to the level of becoming a serious illness for which Plaintiff was repeatedly hospitalized and due to which Plaintiff had to leave work on short term disability on several occasions. Further, due to repeated exposure to the cigarette smoke, Plaintiff's asthma worsened to the point that he recently underwent a lung biopsy and has suffered a progressive decrease in pulmonary function. The decrease in pulmonary function has progressed to the point that Plaintiff's life span is dra-

matically shortened. Plaintiff may have as little as six (6) months left to live.

## I. Legal Standard for Motion to Dismiss

In considering a 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

## II. Count III: § 1981a

Defendants argue that Count III of Plaintiff's Complaint should be dismissed because Plaintiff has failed to show he is a member of a protected class as required by 42 U.S.C. § 1981. However, Defendants have confused a § 1981 claim with a § 1981a claim. Plaintiff sufficiently pleads a cause of action for violation of 42 U.S.C. § 1981a. Section 1981a serves to make certain damages available for plaintiffs, like Malone, who are bringing, *inter alia,* an ADA claim. *See* 42 U.S.C. § 1981a. However, the Court will grant Plaintiff leave to amend the complaint to clarify that it is § 1981a under which they are claiming relief as opposed to § 1981.

## III. Count IV: Negligent, Reckless, or Intentional Failure to Provide Safe Work Place

Defendants further argue that Plaintiff has failed to state a claim to satisfy the so called "personal animus" exception to the Workmen's Compensation Act. *See* 77 P.S. § 411(1). In order to sufficiently plead such a claim, the plaintiff must allege that the injury was caused "by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment." *Id.* Defendants argue that Plaintiff does not sufficiently state a claim under this exception because the employees who were smoking had no personal animus toward Plaintiff but rather exposed any other "employee who would have been present to the same level of smoke." (Defs.' Mem. at 10).

However, Plaintiff has sufficiently plead a cause of action under this section by stating that the employees "continu[ed] their smoking while aware of its effect on Plaintiff [for reasons that] were personal to those employees, and not in any way related to their employment." (Pl.'s Compl. at ¶ 61); *see Price v. Philadelphia Electric Co.*, 790 F.Supp. 97, 100 (E.D.Pa.1992); *see also Groff v. Southland Corp.*, 956 F.Supp. 560, 562 (M.D.Pa.1997) (discussing interpretation of "personal animus" exception as the injury being caused "'for purely personal reasons.'") quoting *Hammerstein v. Lindsay*, 440 Pa.Super. 350, 655 A.2d 597, 601 (1995)). Whether facts sufficient to support this claim will be discovered remains to be seen and is not the proper inquiry in a 12(b)(6) Motion. *See* Fed.R.Civ.P. 12(b)(6); *see also* Fed. R.Civ.P. 8(a) (pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief").

## IV. Fraud/Misrepresentation

Defendants also argue that Plaintiff has not sufficiently plead a cause of action in Count V of the Complaint for Fraud/Misrepresentation sufficient to satisfy the judicially created *Martin* exception to the exclusivity provision of the Workmen's Compensation Act. In Count V Plaintiff argues that Defendants fraudulently misrepresented to him that they would take action to accommodate Plaintiff's disability by creating smoking restrictions. Plaintiff argues that Defendants' failure to thus accommodate him rises to the level of misrepresentation that falls under the *Martin* exception to the Workmen's Compensation Act. *See Martin v. Lancaster*

*Battery Co., Inc.,* 530 Pa. 11, 606 A.2d 444 (1992).

In *Martin,* the Pennsylvania Supreme Court recognized an exception to the exclusivity provision of the Workmen's Compensation Act where an employer, for three years, knowingly falsified the results of an employee's blood tests to conceal elevated levels of lead in the employee's blood. The employee had a pre-existing medical condition which was aggravated by the delay in determining the accurate level of lead in his blood. *Id.* at 446. The court recognized an exception to the Workmen's Compensation Act where the employer's fraudulent misrepresentation causes a delay which aggravates a work-related injury. However, the court stated:

> [t]here is a difference between employers who tolerate workplace conditions that will result in a certain number of injuries or illnesses and those who *actively* mislead employees already suffering as the victims of workplace hazards, thereby precluding such employees from limiting their contact with the hazard and from receiving prompt medical attention and care.

*Id.* at 448 (emphasis in original).

Since *Martin,* courts faced with the alleged application of this exception have recognized that this is a "very narrow exception." *Henry v. Twin City Fire Insurance Co.,* 1992 WL 129619, *2 (E.D.Pa.); *see also Belik v. Advance Process Supply Co.,* 822 F.Supp. 1184, 1186 (E.D.Pa.1993); *Rodgers v. Prudential Insurance Co.,* 803 F.Supp. 1024, 1030 (M.D.Pa.1992); *Fry v. Atlantic States Insurance Co.,* 700 A.2d 974, 976 (Pa.Super.1997).

In the instant case, we find that Plaintiff's allegations do not fall within the *Martin* exception. Plaintiff alleges that Defendants told him that they were and would do something to regulate the smoking, but that they did not do so. Plaintiff alleges that this misrepresentation aggravated his existing disability because he continued "to work in an environment in which he was exposed to tobacco smoke in the belief that Defendants would act in line with their representations and correct this environment." (Pl.'s Compl. at ¶ 67). However, by Plaintiff's own acknowledgment, this is not a situation where there was a concealed condition that aggravated his pre-existing medical condition nor is this a situation where the Defendants' actions precluded Plaintiff from limiting his contact with the hazard or from receiving prompt medical attention and care. *See Martin,* 606 A.2d at 448. Thus, we find that Plaintiff does not sufficiently plead facts to maintain a cause of action under the *Martin* exception.

**CONCLUSION**

An appropriate Order follows.

***ORDER***

AND NOW, this 13th day of August, 1998, upon consideration of Defendants' Motion to Dismiss Counts three, four, and five of Plaintiff's Complaint and Plaintiff's response thereto, it is hereby ORDERED that, in accordance with the foregoing Memorandum, the Motion is DENIED IN PART and GRANTED IN PART as follows:

1) Defendants' Motion to Dismiss Count Three, Plaintiff's 42 U.S.C. § 1981a claim, is DENIED;

2) Defendants' Motion to Dismiss Count Four, Plaintiff's Negligent, Reckless, or Intentional Failure to Provide a Safe Work Place claim, is DENIED;

3) Defendants' Motion to Dismiss Count Five, Plaintiff's Fraud/Misrepresentation claim, is GRANTED; and

4) Defendants are hereby DIRECTED to amend their answer in accordance with this Order.