**Brenda POLLARD Plaintiff,**

v.

**WAWA FOOD MARKET and Wawa Incorporated, Defendants.**

**No. Civ.A. 04–CV–2482.**

United States District Court,
E.D. Pennsylvania.

April 19, 2005.

248

Timothy M. Kolman, Wayne A. Ely, Timothy M. Kolman and Associates, Langhorne, PA, for Plaintiff.

Hope A. Comisky, Larry R. Wood, Jr., Pepper Hamilton LLP, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

### I. Introduction

Plaintiff Brenda Pollard ("Pollard") filed this class action suit against defendants Wawa Food Market and Wawa Incorporated (collectively, "Wawa") alleging that Wawa applies an unlawful criminal conviction policy in its employment decisions. Pollard was terminated[1] pursuant to this policy when a criminal background check revealed that Pollard possessed more than one previous criminal conviction. Her complaint includes four causes of action: 1) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e *et seq.* ("Title VII"); 2) violation of 42 U.S.C. § 1981a; 3) violation of the Pennsylvania Human Relations Act, 43 Pa.S.A. § 951 *et seq.* ("PHRA"); and 4) violation of 42 U.S.C. § 1981. Before me is Wawa's motion for partial dismissal and to strike plaintiff's jury demand, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 39(a)(2). For the reasons that follow, I will grant the motion in part and deny it in part.

### II. Factual Allegations[2]

Between 1991 and 1994, Pollard was convicted of several misdemeanors relating to drug possession and prostitution. (Compl. at ¶ 16.) None of these convictions related to theft or dishonesty. (*Id.* at ¶ 20.)

Pollard applied for employment with Wawa on December 14, 2001.[3] (*Id.* at ¶ 12.) A Wawa Assistant Manager called Pollard in to a Wawa store location for an interview and reviewed Pollard's application, including her past criminal history. (*Id.* at ¶ 13.) The Assistant Manager explained that, with respect to previous convictions of potential employees, Wawa was primarily concerned with charges involving retail theft, forgery, robbery, and other crimes relating to theft or dishonesty. Therefore, the Assistant Manager explained, Pollard's convictions should not prevent her hiring. (*Id.* at ¶¶ 18, 21). During a subsequent phone interview, an individual employed by Wawa asked Pollard if she had been convicted of a crime in the last year and Pollard answered that she had not. (*Id.* at ¶ 24.)

Pollard was hired as an employee of Wawa. (*Id.* at ¶ 26.) She began training on December 18, 2001 and worked her first day in a Wawa store on or about December 21, 2001. (*Id.* at ¶¶ 29–30.) Pollard was employed as a "deli person." (*Id.* at ¶ 42.) Her duties included preparing sandwiches, making coffee, and stocking the deli and coffee area. (*Id.* at ¶ 43.) During her employment, Pollard was never late, never absent, and never the subject of disciplinary action. (*Id.* at ¶¶ 38–39.)

On January 11, 2002, Wawa's Regional Supervisor telephoned Pollard and informed Pollard that her job was "on hold" because her criminal background check revealed prior convictions that should have prevented her hiring in the first place. (*Id.* at ¶¶ 31–34.) Although it is unclear from the complaint, it is reasonable to infer that Wawa's placing Pollard's job "on

---

1. The parties now agree that Pollard's claim is based on wrongful termination, not discrimination in hiring, and therefore is not time-barred. (Def.'s Letter Brief Supp. Mot. Dismiss at 1; Pl.'s Letter Opp. Mot. Dismiss at 1–2.)

2. I accept all of the plaintiff's allegations as true and attribute all reasonable inferences in her favor.

3. While not mentioned in the complaint, I take judicial notice that Wawa operates convenience stores in five Mid–Atlantic states. *See generally* http://www.wawa.com.

hold" constituted termination of her employment. (*Id.* at ¶ 46.)

■ On or about March 12, 2002, Pollard filed a timely written Charge of Discrimination with the Equal Employment Opportunity Commission and cross-filed the charge with the Pennsylvania Human Relations Commission. (*Id.* at ¶ 10.) In her Charge of Discrimination, Pollard stated:

> I believe Wawa's decision to terminate me because of my criminal convictions from the early 1990s violates Title VII of the Civil Rights Act of 1964, as amended, and other state and federal law. My convictions had no relationship to my job duties at Wawa.

(Def.'s Mot. Dismiss Ex. A at 2.)[4]

The EEOC issued a Dismissal and Pollard received a Notice of Rights to Plaintiff on or about March 9, 2004. She then filed this action in federal court on June 7, 2004.

## III. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. A court may dismiss a complaint only if it appears that the plaintiff "could prove no set of facts that would entitle [her] to relief." *Alston v. Parker*, 363 F.3d 229, 233 (3d. Cir.2004). A court must accept all of the plaintiff's allegations as true and attribute all reasonable inferences in her favor. *Id.*

A plaintiff's jury demand should be struck if "a right of trial by jury ... does not exist under the Constitution or statutes of the United States" for plaintiff's claims. Fed.R.Civ.P. 38(a)(2).

## IV. Discussion

Wawa moves to dismiss Pollard's § 1981 claim, her § 1981a claim, and her request for compensatory and punitive damages. Wawa also moves to strike her jury demand.

### A. § 1981a Claim

■ Pollard alleges in her second cause of action that Wawa "engaged in knowing and unlawful discrimination pursuant to 42 U.S.C. § 1981a." (Compl.¶ 49.) Wawa moves to dismiss this claim on the ground that there is no independent cause of action under § 1981a.[5]

42 U.S.C. § 1981a provides in relevant part:

#### (a) Right of recovery

#### (1) Civil rights

In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. §§ 2000e-5 or 2000e-16] against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act [42 U.S.C. §§ 2000e-2, 2000e-3, or 2000e-16], and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may

---

4. Even though extraneous to the pleadings, a district court reviewing a motion to dismiss "may examine an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Rockefeller Center Properties, Inc. Securities Litigation,* 184 F.3d 280, 287 (3d Cir.1999). Plaintiffs claims are based on and explicitly reference her Charge of Discrimination. (Compl.¶ 10.)

5. Wawa also moves to dismiss this claim on the ground that even if § 1981a created an independent cause of action, it would include only claims of intentional discrimination, and not claims based on disparate impact. I address this argument *infra.*

recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.

. . . . .

**(b) Compensatory and punitive damages**

**(1) Determination of punitive damages**

A complaining party may recover punitive damages under this section against a respondent ... if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

**(2) Exclusions from compensatory damages**

Compensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964 [42 U.S.C. § 2000e–5(g) ].

42 U.S.C. §§ 1981a(a)(1), 1981a(b)(1)-(2). Thus, the language of § 1981a indicates that the statute provides additional remedies for plaintiffs who can otherwise show violations of Title VII, but does not create a new cause of action. *See Huckabay v.*

*Moore,* 142 F.3d 233, 241 (5th Cir.1998) ("Section § 1981a does not create a new substantive right or cause of action. Rather, the plain language of the statute shows that it merely provides an additional remedy for 'unlawful intentional discrimination ... prohibited under ... 42 U.S.C. § 2000e–2 or 2000e–3.' ")

Indeed, the great weight of authority holds that § 1981a does not create an independent cause of action, but only serves to expand the field of remedies for plaintiffs in Title VII suits. *See, e.g., Rotteveel v. Lockheed Martin Corp.,* 2003 U.S. Dist. LEXIS 12329, 2003 WL 21956426, *3 n. 6 (E.D.Pa. July 15, 2003) ("Section 1981a does not create an independent cause of action, but rather, provides for the recovery of additional damages in an employment discrimination claim.") (and cases cited therein).

Plaintiff provides no reasoning suggesting that § 1981a creates an independent cause of action. Rather, plaintiff merely points to language in a 1997 opinion issued in this district that suggests there is such a thing as an independent § 1981a claim. *See Malone v. Specialty Products and Insulation Co.,* 15 F.Supp.2d 769, 771 (E.D.Pa.1998). However, the *Malone* court cited no authority and likewise provided no reasoning suggesting that § 1981a creates an independent cause of action.[6] Therefore, I follow the great

**6.** In *Malone,* the plaintiff brought a disability discrimination claim under the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and cited, apparently due to a typographical error, to 42 U.S.C. § 1981 in his complaint. 15 F.Supp.2d at 771, *Malone v. Specialty Products & Insulation Co.,* 85 F.Supp.2d 503, 508 (E.D.Pa.2000). Presumably because section 1981 does not protect against discrimination on the basis of disability, the defendants moved to dismiss the claim. The court in *Malone* wrote:

> Defendants argue that Count III of Plaintiff's Complaint should be dismissed because Plaintiff has failed to show he is a member of a protected class as required by 42 U.S.C. § 1981. However, Defendants have confused a § 1981 claim with a § 1981a claim. Plaintiff sufficiently pleads a cause of action for violation of 42 U.S.C. § 1981a. Section 1981a serves to make certain damages available for plaintiffs ... who are bringing, *inter alia,* an ADA claim. However, the Court will grant Plaintiff leave to amend the complaint to clarify that

weight of authority and dismiss plaintiff's second cause of action. *See Huckabay,* 142 F.3d at 241, *Rotteveel,* 2003 U.S. Dist. LEXIS 12329, 2003 WL 21956426, *3 n. 6; *Kozlowski v. Extendicare Health Services, Inc.,* 2000 U.S. Dist. LEXIS 1493, 2000 WL 193502 *1 n. 1 (E.D.Pa. Feb.17, 2000) ("42 U.S.C. § 1981a only provides for the recovery of damages and does not create a separate cause of action."); *Perry v. Dallas Independent School Dist.,* 1998 U.S. Dist. LEXIS 14267, 1998 WL 614668, *1 n. 1 (N.D.Tex. Sept.23, 1998) ("[P]laintiffs refer to a '§ 1981A' claim. There is no such thing. Section 1981a merely enhances the remedies otherwise available for intentional employment discrimination."); *Powers v. Pinkerton, Inc.,* 28 F.Supp.2d 463, 472 (N.D.Ohio 1997) ("[A] claim based on § 1981a does not afford an independent ground for relief but is a statutory provision for additional recovery of damages in Title VII cases."); *Krouse v. American Sterilizer Co.,* 984 F.Supp. 891, 899 (W.D.Pa.1996) ("Section 1981a allows for the recovery of compensatory and punitive damages in cases involving intentional employment discrimination under Title VII or ADA, but it does not confer any independent cause of action."); *Presutti v. Felton Brush, Inc.,* 927 F.Supp. 545, 550 (D.N.H. 1995) ("Section 1981a is not intended to stand alone as an independent cause of action."); *Swartzbaugh v. State Farm Ins. Cos.,* 924 F.Supp. 932, 934 (E.D.Mo.1995) ("The Court agrees" that " § 1981a does not create an independent cause of action, but merely provides for additional relief in Title VII suits."); *West v. Boeing Co.,* 851 F.Supp. 395, 398–401 & n. 7 (D.Kan.1994) (" § 1981a does not, either expressly or impliedly, create an additional, separate and independent cause of action for employment discrimination plaintiffs, but

it is § 1981a under which they are claiming relief as opposed to § 1981.

merely adds to the damages available to such plaintiffs under Title VII."); *McCormack v. Bennigan's,* 1993 U.S. Dist. LEXIS 10424, 1993 WL 293895, *2–3 (E.D.Pa. July 30, 1993) ("[S]ection 1981a, which merely provides additional remedies, should not be the basis of a separate count in the complaint.")

## B. § 1981 Claim

 Both parties agree, as they must, that 42 U.S.C. § 1981 prohibits only "intentional" discrimination. *Pryor v. Nat'l Collegiate Athletic Ass'n,* 288 F.3d 548, 562 (3d Cir.2002) (" § 1981 provide[s] a private cause of action for intentional discrimination only.") (citing *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982)). Claims based on intentional discrimination require proof of discriminatory motive and exist when a defendant has "selected or reaffirmed a particular course of action 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Massachusetts v. Feeney,* 442 U.S. 256, 278–79, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979). Discrimination claims based on disparate impact, by contrast, "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. Proof of discriminatory motive ... is not required under a disparate-impact theory." *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 609, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993). Consequently, disparate impact claims are not actionable under section 1981. *See, e.g., Castillo v. The American Brd. of Surgery,* 221 F.Supp.2d 564, 568 (E.D.Pa.2002). Plaintiff acknowledges that "a garden-variety disparate impact

15 F.Supp.2d at 771 (citations omitted).

case may not be a basis for section 1981 liability." (Pl.'s Letter Opp. Mot. Dismiss at 2.)

Defendants move to dismiss plaintiff's section 1981 claim on the ground that it does not allege intentional discrimination. In response, plaintiff points to one paragraph, paragraph 56, contained within that count that makes reference to the word "intentional." (Pl.'s Mem. Opp. Mot. Dismiss at 2–3;; Pl.'s Letter Opp. Mot. Dismiss at 2–3.) The plain language of paragraph 56 is arguably consistent with a valid claim for intentional discrimination. That paragraph reads:

> Upon information and belief, Defendant intentionally designed, utilized, and perpetuated a system of racial discrimination by and through its criminal conviction policy.

(Compl. at ¶ 56.)

Upon my request, plaintiff clarified the meaning of the paragraph. Counsel for plaintiff responded:

> It is Plaintiff's position that in the event Defendant continued to enforce its flatly discriminatory policy of excluding employees and applicants based on criminal convictions in the face of overwhelming authority finding such policies flatly illegal, a jury may properly determine such conduct to be "intentional" as required for 1981 liability.

(Pl.'s Letter Opp. Mot. Dismiss at 2.) Plaintiff thereby clarified that she alleged Wawa's conduct to be intentional discrimination only in that Wawa intentionally applied a policy that it knew would have an illegal disparate impact on a particular race.

In other words, starting from the questionable premise that criminal conviction policies such as Wawa's categorically violate Title VII due to their disparate impact, plaintiff believes that defendants'

"recklessness in continuing to enforce a patently illegal policy may properly be found to satisfy section 1981's 'intentional' standard." (Pl.'s Letter Opp. Mot. Dismiss at 2.) Even accepting the premise of plaintiff's argument, the law is clear that nothing short of "purposeful discrimination" is actionable under § 1981. *Gen. Bldg. Contractors Ass'n, Inc.,* 458 U.S. at 389, 102 S.Ct. 3141. Indeed, plaintiff's theory runs directly contrary to the settled understanding of intentional discrimination that discrimination is intentional only if the defendant "selected or reaffirmed a particular course of action 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Feeney,* 442 U.S. at 278–79, 99 S.Ct. 2282 (1979). Plaintiff, despite employing the word "intentional" in her complaint, is therefore clearly advancing a disparate impact theory of discrimination. Such a theory is not actionable under section 1981. Therefore, plaintiff's fourth cause of action will also be dismissed.

## C. Compensatory and Punitive Damages

As explained above, plaintiff has not alleged intentional discrimination, but rather advances a disparate impact theory of discrimination under Title VII. Compensatory and punitive damages are not available for such claims. 42 U.S.C. § 1981a(b). Therefore, plaintiff may only seek equitable remedies under Title VII. 42 U.S.C. § 2000e–5(g)(1). I will grant Wawa's motion to dismiss plaintiff's request for compensatory and punitive damages with respect to plaintiff's Title VII claim.

Neither party has addressed what forms of relief are available to a plaintiff suing on a disparate impact claim under the PHRA. It is clear that the PHRA does not provide for punitive damages, regard-

less of the theory of discrimination. *Hoy v. Angelone*, 554 Pa. 134, 720 A.2d 745, 749 (1998); *Gagliardo v. Connaught Labs., Inc.*, 311 F.3d 565, 570 n. 3 (3d Cir.2002). But it is not apparent that a disparate impact plaintiff is limited only to equitable remedies under the PHRA. *Compare* 43 P.S. § 962(c) (not distinguishing between theories of discrimination when presenting range of available remedies); *with* 42 U.S.C. § 1981a(a)(1) (providing for compensatory and punitive damages in cases of intentional discrimination, but not in claims of disparate impact). Therefore, I will deny without prejudice Wawa's motion to the extent it seeks to dismiss Pollard's request for compensatory damages on her PHRA claim, but grant Wawa's motion to dismiss Pollard's request for punitive damages under the PHRA.

### D. Jury Demand

 Because Pollard proceeds under a disparate impact theory, and not under a theory of intentional discrimination, if successful on her Title VII claim she would be entitled only to equitable relief. 42 U.S.C. § 1981a(a)(1). She therefore is not entitled to a jury trial on that claim. *Id.* at § 1981a(c). However, neither party has addressed whether claimants in federal court advancing a disparate impact theory of discrimination under the PHRA have a Seventh Amendment right to a jury trial.[7] I therefore will deny without prejudice Wawa's motion to strike plaintiff's jury demand with respect to the PHRA claim.

### V. Conclusion

Plaintiff advances a disparate impact theory of discrimination. She therefore may not bring a claim under § 1981. She also may not seek compensatory and punitive damages under § 1981a and, in any

7. The Pennsylvania Supreme Court has ruled that there is no right to a jury trial for PHRA

event, may not bring an independent claim under § 1981a because that section does not create an independent cause of action. I will dismiss her claims under both § 1981 and § 1981a.

I will grant defendants' motion to dismiss plaintiff's request for compensatory and punitive damages with respect to her federal claims, and also with respect to plaintiff's request for punitive damages on her PHRA claim. In addition, I will grant defendants' motion to strike plaintiff's jury demand with respect to the federal claim.

However, I deny without prejudice defendants' motion to dismiss plaintiff's request for compensatory damages under the PHRA. I also deny without prejudice defendant's motion to strike plaintiff's demand for a jury trial with respect to plaintiff's PHRA claim.

### *ORDER*

**AND NOW**, this __19th__ day of April 2005, upon consideration of defendants' motion for partial dismissal and to strike plaintiff's jury demand (docket # 5) and the related submissions of both parties, it is hereby **ORDERED** as follows:

1. Defendant's motion for partial dismissal is **GRANTED** with respect to:

A. Plaintiff's second and fourth cause of action, the § 1981 and § 1981a claims.

B. Plaintiff's request for punitive damages pursuant to plaintiff's first and third cause of action, the Title VII and PHRA claims.

C. Plaintiff's request for compensatory damages pursuant to plaintiff's first cause of action, the Title VII claim.

claims brought in state court. *Wertz v. Chapman Twp.*, 559 Pa. 630, 741 A.2d 1272 (1999).

2. Defendant's motion for partial dismissal is **DENIED** without prejudice with respect to plaintiff's request for compensatory damages pursuant to plaintiff's third cause of action, the PHRA claim.

3. Defendant's motion to strike plaintiff's jury demand is **GRANTED** with respect to plaintiff's first cause of action, the Title VII claim, and **DENIED** without prejudice with respect to plaintiff's third cause of action, the PHRA claim.