**Catherine M. O'BRIEN, Personal Representative of the Estate of Joseph Teklinsky, Deceased, Plaintiff,**

v.

**OTTAWA SILICA COMPANY, a Delaware Corporation; Johns-Manville Sales Corporation, a Delaware Corporation; Celotex Corporation, a Delaware Corporation and successor to Philip Carey Corporation; and Pennwalt Corporation, a Pennsylvania Corporation, jointly and severally, Defendants.**

**Civ. A. No. 82–71775.**

United States District Court,
E.D. Michigan, S.D.

March 25, 1987.

---

Joseph Brennan, Bockoff & Zamler, Southfield, Mich., for plaintiff.

Ronald Westen, Dale R. Burmeister, Detroit, Mich., for Celotex.

A. David Baumhart, III, Bloomfield Hills, Mich., for Pennwalt.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Catherine O'Brien ("plaintiff"), personal representative of Joseph Teklinsky ("Teklinsky"), claims that Teklinsky died because of exposure to products containing asbestos. Plaintiff sues Pennwalt Corporation ("Pennwalt"), Teklinsky's former employer, in addition to several other manufacturers of products containing asbestos. Pennwalt argues that Teklinsky's sole remedy against it is the Michigan Worker's Disability Act. *See* Mich.Comp.Laws § 418.131. Judge Thomas P. Thornton rejected the argument and denied Pennwalt summary judgment. *Teklinsky v. Ottawa Silica Corp.,* 583 F.Supp. 31 (E.D.Mich.1983). Pennwalt moves to vacate Judge Thornton's decision and for summary judgment. I have jurisdiction pursuant to 28 U.S.C. § 1332.

The Worker's Disability Act does not bar actions for intentional torts. *Beauchamp v. Dow Chemical Company,* 427 Mich. 1, 11, 398 N.W.2d 882 (1986) (resolving a division within the Michigan Court of Appeals). An intentional tort does not require an actual intention to injure:

If the injury is substantially certain to occur as a consequence of actions the employer intended, the employer is deemed to have intended the injuries as well....

....

... [W]e stress that substantial certainty should not be equated with substantial likelihood.

*Beauchamp,* 427 Mich. at 22, 25, 398 N.W.2d 882. The issue is whether plaintiff's allegations permit an inference that Pennwalt knew injury to Teklinsky was substantially certain to occur.

Plaintiff claims that Pennwalt knew Teklinsky, and others like him, were contracting diseases related to asbestos exposure. Second Amended Complaint at ¶ 21. Company doctors examined Teklinsky in 1976 and 1977, discovered evidence of respiratory disease, and recommended that Pennwalt take precautions for Teklinsky. *Teklinsky,* 583 F.Supp. at 32–33. Pennwalt ignored the warnings: it did nothing to protect Teklinsky in the workplace, and it did not inform him of health risks reported by the doctors. *Teklinsky,* 583 F.Supp. at 32–33. After health problems forced Teklinsky to stop work in 1979, a company doctor examined him again and discovered calcified placques. Second Amended Complaint at ¶¶ 5–6, 9, 14–15. Pennwalt withheld this information from Teklinsky, inducing him to forego early medical treatment. Second Amended Complaint at ¶¶ 16–18.

If proven, these facts might permit an inference that Pennwalt knew injury to Teklinsky was substantially certain to occur because of Pennwalt's decision to forego precautions in the workplace and to withhold medical information from Teklinsky. *Cf. Beauchamp,* 427 Mich. at 23, 25, 398 N.W.2d 882 (identifying *Serna v. Statewide Contractors,* 6 Ariz.App. 12, 429 P.2d 504 (Ariz.Ct.App.1967), in which a ditch collapsed and killed two workers after employer ignored warnings about the ditch, as an example of substantially certain injury).

Justice Boyle's concurring opinion in part in *Beauchamp, supra* 427 Mich. at 28, 398 N.W.2d 882, is informative. Joined by two Justices, she writes, quoting comment f of the Restatement of Torts, 2d, § 500, that "Reckless misconduct differs from intentional wrongdoing in a very important particular.... *[A] strong probability is a different thing from the substantial certainty....*" *Supra* at 31, 398 N.W.2d 882 (emphasis in original).

As the trial judge, at the trial of this case I intend to comment on the evidence so that the distinction is clearly before the jury.

Accordingly, Pennwalt's motion is DENIED.

IT IS SO ORDERED.