606 A.2d 444

Joseph H. MARTIN, Sr. and Patricia J. Martin, husband and wife, Appellees,

v.

LANCASTER BATTERY COMPANY, INC. and Stuart C. Manix, and R.A. Boben, Jr., M.D. and Lancaster Pediatric Associates, Ltd.

Appeal of LANCASTER BATTERY CO., INC., and Stuart C. Manix.

Supreme Court of Pennsylvania.

Argued Dec. 6, 1991.
Decided March 18, 1992.
Reargument Denied May 5, 1992.

David L. Ashworth, Lancaster, for appellants.

James W. Evans, Harrisburg, for Boben, M.D. and Lanc. Ped. Assoc.

Wayne C. Parsil, Lancaster, Dale E. Anstine, York, for Jos. and Patricia Martin.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

This appeal arises from a Superior Court order which reversed the order of the Court of Common Pleas of Lancaster County sustaining the preliminary objections filed by the appellants, 402 Pa.Super. 663, 578 A.2d 44. The issues presented for our consideration are (1) whether the exclusivity provision of the Workmen's Compensation Act[1] bars a personal injury action against an employer where the injured employee alleges that the employer's fraudulent misrepresentation of medical test results caused a delay in ameliorative treatment which delay resulted in the aggravation of a work-related injury; and (2) whether the appellees, Joseph H. Martin, Sr. and Patricia J. Martin, pleaded facts sufficient to support an action for fraudulent misrepresentation.

The facts of the case as set forth in the complaint filed by the appellees are as follows.[2] At all times relevant to appellees' allegations, appellant Stuart C. Manix (Mr. Manix) was a part owner and manager of the Lancaster Battery Company, Inc. Appellant Lancaster Battery Company, Inc. (LBC) manufactured automotive/truck wet stor-

1. Section 303 of the Workmen's Compensation Act provides, in relevant part, as follows:

> (a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes [sic], his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 481(a).

2. Preliminary objections in the nature of a demurrer are reviewed pursuant to the following standard:

> All material facts set forth in the Complaint as well as all inferences reasonably deducible therefrom are admitted as true for [the purpose of this review.] The question presented by the demurrer is whether on the facts averred the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Kyle v. McNamara & Criste,* 506 Pa. 631, 634, 487 A.2d 814, 816 (1985) (citations omitted).

age batteries. The manufacturing process involved extensive employee exposure to lead dust and fumes. Federal safety regulations require that employees in such working environments be tested on a regular basis for lead content in their blood. Appellee Joseph H. Martin, Sr. (Mr. Martin) was employed by LBC, and his blood was tested along with the other employees of LBC who were exposed to lead. Mr. Manix, who oversaw and administered the blood testing at LBC, willfully and intentionally withheld from Mr. Martin the results of Mr. Martin's blood tests between January 1, 1982, and July, 1985. In addition, Mr. Manix intentionally altered blood test results before forwarding the results to Mr. Martin. Subsequently, Mr. Martin was diagnosed with chronic lead toxicity, lead neuropathy, hypertension, gout, and renal insufficiency. The severity of his condition would have been substantially reduced if his employer had not perpetrated a delay by failing to accurately report the elevated levels of lead in Mr. Martin's blood.

Mr. Martin and his wife filed a complaint and an amended complaint in the Court of Common Pleas of Lancaster County against multiple defendants including LBC and Mr. Manix.[3] Count I of the amended complaint alleged the intentional and willful misconduct of Mr. Manix. Count II of the amended complaint alleged the liability of LBC on the basis of respondeat superior.[4] Count V of the amended complaint set forth a derivative loss of consortium claim against all defendants on behalf of Mr. Martin's wife. Subsequently, LBC and Mr. Manix filed preliminary objections in the nature of a demurrer to the appellees' amended complaint. The trial court sustained the objections, striking

3. The other defendants named in the original complaint were Hammond Lead Products, Inc., the Norbat Corporation t/d/b/a General Battery Corporation, Imperial Metals Co., Inc., and North Industrial Chemicals. These defendants were dropped from the litigation by order of court upon stipulation of the parties. The amended complaint was filed to add William R.A. Boben, Jr., M.D. and Lancaster Pediatric Associates, Ltd. as parties to the pending litigation against LBC and Mr. Manix.

4. Counts III and IV of the amended complaint alleged the negligence of Dr. Boben and Lancaster Pediatric Associates, Inc.

Counts I, II and those portions of Count V which derived from Counts I and II, and dismissing LBC and Mr. Manix as defendants in the case.

Appellees filed an appeal to the Superior Court which reversed the trial court order and remanded for further proceedings. The Superior Court determined that the cases cited by the trial court to support its decision regarding the exclusivity issue were not applicable herein and found that the act of withholding blood test results from Mr. Martin thereby concealing his injury from him was not covered by the exclusivity provision of the Workmen's Compensation Act. Thus, the Superior Court held that the appellees' claim of alleged fraudulent misrepresentation was actionable at common law. Superior Court further determined that the appellees had pleaded facts sufficient to support an action for fraudulent misrepresentation. We granted appellants' petition for allowance of appeal, and we now affirm the decision of the Superior Court.

We agree with the Superior Court that the cases cited by the trial court regarding the exclusivity issue are not applicable to the instant action. In sustaining LBC's preliminary objections,[5] the trial court cited this Court's decision in *Poyser v. Newman & Co.*, 514 Pa. 32, 522 A.2d 548 (1987). In that case, we held that the exclusivity provision of the Workmen's Compensation Act precluded an employee from bringing an action against his or her employer for a work-related injury caused by the employer's willful and wanton disregard for employee safety as manifested by the employer's fraudulent misrepresentation of factory safety condi-

5. The trial court sustained LBC's preliminary objections on the basis of the exclusivity provision of the Workmen's Compensation Act. Mr. Manix's preliminary objections were sustained on the basis of the failure of the appellees to state a cause of action. This issue will be considered *infra*. The trial court did find that the Workmen's Compensation Act would not bar a common law action against Mr. Manix as he was a fellow employee of Mr. Martin, and he was alleged to have committed an intentional wrong. The Workmen's Compensation Act does not preclude an action at common law for intentional wrongs committed by fellow employees. 77 P.S. § 72. **Liability of fellow employe.**

tions to federal safety inspectors. *Poyser* is distinguishable from the case presently before the Court in that the fraudulent misrepresentation in *Poyser* was made to a third party and was *not* made to the injured employee. In the case sub judice, it has been alleged that the fraudulent misrepresentation was made directly to the employee. Moreover, *Poyser* did not involve a claim for the *aggravation* of a work-related injury as is the case herein.

■ The trial court further cited this Court's decision in *Barber v. Pittsburgh Corning Corp.*, 521 Pa. 29, 555 A.2d 766 (1989). That case is also inapposite in that fraudulent misrepresentation and aggravation of a pre-existing work-related injury were not raised as issues in the employees' complaint against Pittsburgh Corning Corp.

■ Courts in other jurisdictions have considered the exclusivity issue presently before this Court and some have determined that the applicable workmen's compensation statute is not the exclusive remedy for the aggravation of an employee's work-related injury where the employer's fraudulent misrepresentation has been alleged. *See, e.g., O'Brien v. Ottawa Silica Co.*, 656 F.Supp. 610 (E.D.Mich. 1987); *Johns–Manville Products Corp. v. Superior Court*, 27 Cal.3d 465, 612 P.2d 948, 165 Cal.Rptr. 858 (1980); *Millison v. E.I. du Pont de Nemours & Co.*, 226 N.J.Super. 572, 545 A.2d 213, *aff'd*, 115 N.J. 252, 558 A.2d 461 (1988); and *Delamotte v. Midland Ross Corp.*, 64 Ohio App.2d 159, 411 N.E.2d 814 (1978). The reasons advanced to support recovery for such injuries in a common law action include the following: 1) "[a] hazard of employment does not include the risk that the employer will deprive an employee of his workers' compensation rights to medical treatment and compensation," *Delamotte, supra*, 411 N.E.2d at 816; 2) there is a strong state interest in deterring an employer from deliberately concealing the nature and extent of the danger following an initial injury, *Johns–Manville Products Corp. v. Superior Court, supra;* and 3) "[a]n employer's fraudulent concealment of diseases already developed is not one of the risks an employee should have to assume.

Such intentionally-deceitful action goes beyond the bargain struck by the Compensation Act." *Millison v. E.I. du Pont de Nemours & Co.*, 101 N.J. 161, 501 A.2d 505, 516 (1985).

In other jurisdictions, the courts have determined that such injuries are exclusively compensable under the applicable workmen's compensation statute. *See, e.g., Gambrell v. Kansas City Chiefs Football Club, Inc.*, 562 S.W.2d 163 (Mo.Ct.App.1978) (claim of fraud merged into workmen's compensation claim; football player alleging aggravation of pre-existing disability precluded from bringing common law action); *Martin v. Casagrande*, 159 A.D.2d 26, 559 N.Y.S.2d 68 (1990) (award of workmen's compensation benefits for hockey player's knee injury operated as res judicata bar to common law action for fraudulent concealment of nature and extent of injury), *appeal dismissed*, 76 N.Y.2d 1018, 565 N.Y.S.2d 767, 566 N.E.2d 1172 (1990); *Bevis v. Armco Steel Corp.*, 86 Ohio App. 525, 93 N.E.2d 33 (1949) (workmen's compensation statute bars all actions against employer regardless whether they are compensable injuries under the act; employee precluded from recovering in action for deceit where employer falsely informed him that he had not contracted silicosis on the job—case decided before amendments to the Act which now permit such actions), *appeal dismissed*, 153 Ohio St. 366, 91 N.E.2d 479 (1949), *cert. denied*, 340 U.S. 810, 71 S.Ct. 37, 95 L.Ed. 595 (1950). The courts refusing to permit common law actions where employees allege fraudulent misrepresentation are generally concerned with employees receiving duplicate monetary awards for single injuries. *See Gambrell, supra.*

We do not find the reasoning of the courts refusing to permit common law actions under these circumstances to be persuasive. The employee herein has alleged fraudulent misrepresentation on the part of his employer as causing the delay which aggravated a work-related injury. He is not seeking compensation for the work-related injury itself in this action. Clearly, when the Legislature enacted the Workmen's Compensation Act in this Commonwealth, it could not have intended to insulate employers from liability

for the type of flagrant misconduct at issue herein by limiting liability to the coverage provided by the Workmen's Compensation Act. There is a difference between employers who tolerate workplace conditions that will result in a certain number of injuries or illnesses and those who *actively* mislead employees already suffering as the victims of workplace hazards, thereby precluding such employees from limiting their contact with the hazard and from receiving prompt medical attention and care.

The aggravation of the injury arises from and is related to the fraudulent misrepresentation of the employer. Thus, the appellees are not limited to their remedies under the Workmen's Compensation Act and are not precluded from bringing a common law action against LBC. *See also McGinn v. Valloti,* 363 Pa.Super. 88, 525 A.2d 732 (1987) (employer's fraudulent concealment of diseases already developed is outside the scope of the protection granted the employer under the Workmen's Compensation Act), *allocatur denied,* 517 Pa. 618, 538 A.2d 500 (1988).

With regard to the second issue raised by the appellees, i.e., whether the appellees pleaded sufficient facts to support an action for fraudulent misrepresentation, we note that our rules of civil procedure require that fraud must be averred with "particularity." Pa.R.Civ.P. Rule 1019(b). This Court has stated that although it is impossible to establish precise standards as to the degree of particularity required under this rule, two conditions must be met to fulfill the requirement: (1) the pleadings must adequately explain the nature of the claim to the opposing party so as to permit the preparation of a defense, and (2) they must be sufficient to convince the court that the averments are not merely subterfuge. *Bata v. Central–Penn National Bank,* 423 Pa. 373, 380, 224 A.2d 174, 179 (1966), *cert. denied,* 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967).

With these standards in mind, and reviewing appellees' complaint in light of all reasonable inferences deducible therefrom, we find that the appellees have pleaded

facts sufficient to support a cause of action for fraudulent misrepresentation. A cause of action for fraudulent misrepresentation is comprised of the following elements: "(1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation and (5) damage to the recipient as the proximate result." *Scaife Co. v. Rockwell–Standard Corp.*, 446 Pa. 280, 285, 285 A.2d 451, 454 (1971), *cert. denied*, 407 U.S. 920, 92 S.Ct. 2459, 32 L.Ed.2d 806 (1972).

In the instant action, the appellees have averred that Mr. Martin was regularly exposed to lead fumes and dust at his place of employment. He was tested by his employer to monitor the level of lead in his blood. His employer willfully and intentionally withheld the test results from him or gave altered blood test results to him. According to an attachment to the appellees' complaint, the company policy was to closely monitor lead levels in employees' blood and to report the results to the employees so that those with elevated levels of lead in their blood could transfer to non-lead areas at LBC. This course of action was not followed in Mr. Martin's case. Had Mr. Martin been told about the elevated levels of lead in his blood when the tests first indicated such levels, he could have promptly reduced his exposure to lead and received timely and appropriate medical care. Consequently, the severity of his condition would have been substantially reduced.

The appellees' have averred, in a manner that will permit the preparation of a defense and that does not constitute a subterfuge, misrepresentation, fraudulent utterance, intention by the maker that the recipient will act, justifiable reliance by recipient upon the misrepresentation, and damages to the recipient as a proximate result. Thus, the averments of appellees' complaint set forth with particularity a cause of action for fraudulent misrepresentation.

Accordingly, the order of the Superior Court reversing the order of the Court of Common Pleas of Lancaster County is hereby affirmed.

20

ZAPPALA, J., joins this opinion and files a concurring opinion.

CAPPY, J., concurs in the result.

FLAHERTY, J., files a dissenting opinion joined by NIX, C.J.

ZAPPALA, Justice, concurring.

I join the Majority Opinion but write separately merely to emphasize that the appellees' cause of action is not barred by Section 303 of the Workmen's Compensation Act because the appellees are not seeking redress for the underlying work-related injury but rather the aggravation to that injury as the result of the employer's fraudulent misrepresentations.

In *Poysner v. Newman & Co., Inc.*, 514 Pa. 32, 522 A.2d 548 (1987), we reiterated that the Workmen's Compensation Act is the exclusive remedy for all "work-related" injuries. The employee in *Poysner* attempted to avoid the exclusivity provision by arguing that the employer "intentionally" caused his injury by failing to adhere to governmental safety regulations. However, the operative factor is not the intentions of the employer but whether the employee's injury is "work-related". In *Poysner*, it was clear that although the employer disregarded safety regulations, the underlying injury was "work-related" and occurred in the course of the employee's employment.

In this appeal, the appellees are not seeking redress for injuries caused by exposure to lead and dust, for those injuries are covered by the Act. Instead, the appellees are seeking damages for the aggravation to the lead-related injuries due to the employer's failure to communicate the test results evincing Mr. Martin's actual condition. Because of this distinction, I agree with the majority and join in affirming the Order of the Superior Court.

FLAHERTY, Justice, dissenting.

I dissent. The exclusivity provision of the Workmen's Compensation Act, 77 P.S. § 481(a) states: "The liability of an employer under this act shall be exclusive and in place of *any and all* other liability to such employes...." (Emphasis added). This language could not be more clear and unambiguous in its limitation of employer liability. We have, until the present, consistently applied this provision in accordance with its plain meaning, thus limiting an employer's liability in accordance with the legislature's express mandate. *Poyser v. Newman & Co.*, 514 Pa. 32, 522 A.2d 548 (1987) (even intentional wrongdoing by employers falls within the exclusivity provision of the Workmen's Compensation Act). See also *Barber v. Pittsburgh Corning Corp.*, 521 Pa. 29, 555 A.2d 766 (1989). The present case likewise falls clearly within the scope of immunity granted employers under the Workmen's Compensation Act. The decision of the Superior Court, holding that the present action against the employer can proceed, should be reversed.

NIX, C.J., joins this dissenting opinion.