**Parell v. USX Corp.**

C.P. of Allegheny County, no. GD-96-5481.

*David Ainsman,* for plaintiff.
*Ronald J. Fischer,* for defendant USX Corp.
*Debra Todd,* for defendant Terry Parsons.

FRIEDMAN, *J.*, July 8, 1997— Plaintiff appeals from an order dismissing her complaint, with prejudice.

Plaintiff had filed a complaint to which both defendants filed preliminary objections. After oral argument, the court sustained the objection that was based on the bar of the Workers' Compensation Act and entered the order appealed from. The other objections were moot. In item 2.b of her statement of matters complained of on appeal, plaintiff raises the issue of the sufficiency of the complaint as to her fraudulent misrepresentation claim. The transcript shows that the parties at oral argument focused on whether or not the facts pled or pleadable made out an exception to the general rule that the Act provides the *exclusive* remedy for employees such as plaintiff's decedent against their employers and

co-employees. This is the issue raised in item 2.a of plaintiff's statement and is the only issue this opinion will address. The transcript of the argument shows that the court accepted as true all the facts pled and that no additional facts that would invoke the exception could be pled, thereby justifying the court's refusal to grant leave to amend (a refusal which is not complained of but which the court mentions to indicate that leave to amend was considered and was not lightly denied).

The exception to the Act's exclusivity provision would arise under the case of *Martin v. Lancaster Battery Company Inc.*, 530 Pa. 11, 606 A.2d 444 (1992), in which the employer's intentional concealment of the bad results of mandatory blood tests done to monitor employees, including Martin, for excessive levels of lead was held to make out an exception to the exclusive remedy provision of the Act. Because of the intentional deception of the employee himself (rather than of a third party, such as a government safety inspector), resulting in severe and foreseeable health consequences, the plaintiff in *Martin* was permitted to pursue his fraudulent misrepresentation claim against his employer. The Pennsylvania Supreme Court explained its ruling as follows:

"The employee herein has alleged fraudulent misrepresentation on the part of his employer as causing the delay which aggravated a work-related injury. He is not seeking compensation for the work-related injury itself in this action. Clearly, when the legislature enacted the Workers' Compensation Act in this Commonwealth, it could not have intended to insulate employers from liability for the type of flagrant misconduct at issue herein by limiting liability to the coverage provided by the Workers' Compensation Act. *There is a difference*

*between employers who tolerate workplace conditions that will result in a certain number of injuries or illnesses and those who actively mislead employees already suffering as the victims of workplace hazards,* thereby precluding such employees from limiting their contact with the hazard and from receiving prompt medical attention and care.

"The aggravation of the injury arises from and is related to the fraudulent misrepresentation of the employer. Thus, the appellees are not limited to their remedies under the Workers' Compensation Act and are not precluded from bringing a common-law action against [the employer]." *Id.* at 17-18, 606 A.2d at 447-48. (emphasis added)

In the instant case it is pled and accepted as true for purposes of defendants' preliminary objections that defendant USX knew that an employee it had assigned to work with plaintiff's decedent had failed a drug test three years earlier and had concealed this information from the plaintiff's decedent who was then fatally injured as a result of that co-employee's negligence. The complaint also alleges that the co-employee was on drugs at the time of the accident, with the implication being that the employer knew or should have known of such drug use. However, this is not sufficient, under *Martin*, to remove the bar against suit. The only "hazard" pled or pleadable is an impaired co-employee's presence on the job. This is still a far cry from the *Martin* hazard of deliberate concealment of the injured employee's *own* condition. Furthermore, unlike *Martin*, plaintiff herein *is* "seeking compensation for the work-related injury itself," not for an avoidable aggravation of a work-related injury, a distinction the Supreme Court expressly held to be significant. Injuries from negligent co-workers are among those covered by the Act. The

mere fact that the negligence may have arisen from drug abuse, however tragic the consequence, is not legally significant. The *Martin* exception is very narrow and the facts of this case do not fit it.

Defendant USX, the employer in this case, is at worst one which "tolerate[s] workplace conditions that will result in a certain number of injuries," not one "who actively mislead[s] employees already suffering."

The Act similarly protects co-employees such as defendant Parsons from suit unless intentional injuries are inflicted. Negligence arising from drug or alcohol abuse does not rise to the level of intentional infliction of injuries.

Plaintiff's only recourse is the workers' compensation claim. The complaint was properly dismissed with prejudice.