# Barnhart v. Morton

*Christian Earl Eaby,* for plaintiff.
*Kevin L. Connors,* for defendant Jack H. Morton II.
*Gregory Hirtzel,* for defendants Jack Morton Sr. and Mary Morton h/w.

WALKER, *P.J.,* September 27, 2005—

## FACTUAL SUMMARY AND PROCEDURAL HISTORY

The plaintiff's minor son died while working on a dairy farm owned and operated by the defendants. The defendants allegedly modified the drill the decedent was using and the electrical system in the barn.[1] These modifications caused Timothy Sipes to be electrocuted and fatally injured. Following the accident, the plaintiff applied for workers' compensation benefits in the form of death benefits for ambulance and emergency room expenses, as well as funeral/burial expenses. The plaintiff also applied for dependency benefits. The employer's insurer recognized the injury as compensable and compensated the plaintiff for the expenses relating to the accident and burial, but denied her claim for dependency benefits on the basis that she failed to prove dependency.[2]

---

1. The defendants allegedly modified the electric drill by cutting off the third prong of the plug's electrical plug so that it could be plugged into two-prong outlets. The defendants allegedly modified the barn's electrical system by placing pennies behind the fuses in the fuse box to override the safety fuses.

2. Def's mem. of law in supp. of prelim. objections at 2.

The plaintiff alleges that the modifications to the tool and electrical system aggravated the injuries the decedent sustained. The plaintiff also alleges that her claims are not barred by the exclusivity clause of the Workers' Compensation Act. The defendants filed several preliminary objections to the plaintiff's amended complaint on December 27, 2004. The court addressed these preliminary objections in its opinion dated July 15, 2005; however, it appears that the court may have failed to address some of the defendants' objections.[3] Therefore, the court will now address whether the amended complaint should be dismissed in its entirety because of the exclusivity of the Workers' Compensation Act.

## DISCUSSION

The defendants allege that the amended complaint should be dismissed because it is barred by the exclusivity clause of the Workers' Compensation Act (WCA). The plaintiff argues that the amended complaint should not be dismissed because her claims circumvent the exclusivity clause for the following reasons: (1) the defendants fraudulently misrepresented the safety of the

---

3. In its earlier opinion, the court addressed: (1) whether the complaint alleged the requisite conduct needed to state a claim for punitive damages, (2) whether the plaintiff's claim for negligent infliction of emotional distress is insufficient, and (3) whether the allegations concerning the defendants' control over the property lack specificity. The court dismissed the count for punitive damages, dismissed the count for negligent infliction of emotional distress, and reserved ruling on the motion for a more specific pleading regarding whether Jack and Mary Morton had control over the property, tools, and electrical system until the plaintiff has had the opportunity to conduct discovery.

workplace and/or failed to warn the decedent of the danger, which led to the decedent's aggravated injuries, and (2) the plaintiff's claims are not covered by the WCA.

The plaintiff argues that an exception to the exclusivity clause of the WCA exists where the employer's fraudulent misrepresentation, or failure to warn, caused the employee's injury to be worse than it would have been otherwise. Specifically, the plaintiff argues that, had the defendants not modified the tool and electrical system, her son would only have been injured rather than killed. The plaintiff relies on *Martin v. Lancaster Battery Co. Inc.,* 530 Pa. 11, 606 A.2d 444 (1992) in support of her argument. In *Martin,* the court held that the employee, a worker in a lead factory, was not barred from bringing a common-law action against his employer when the employer withheld the results of the employee's blood test results and intentionally altered those results because the employer's fraudulent misrepresentation and failure to warn caused the employee to suffer aggravated injuries.

The court finds that the facts in *Martin* are quite different from the facts in this case; however, the court believes that the legal theory set forth in that case may still apply. The court acknowledges that everyone on the defendants' premises, including the defendant Jack Morton II, used the drill and the barn's electrical system, and that the defendants probably did not expect that someone would be electrocuted. However, after reviewing the pleadings, the court is not certain whether or not the decedent was informed that the modifications had been made, was told of the risk, accepted the risk, and was of legal age to accept the risk. Furthermore,

the court believes that a jury could find that it was fraudulent to alter the drill and the electrical system in the barn if the defendants did not properly notify the employees. It is a typical societal expectation that when there is too much draw on a fuse, it will blow the fuse and protect the individual on the other end of the line. In fact, the law states that this safety mechanism is mandatory. Therefore, the court is denying the defendants' preliminary objection concerning whether or not the WCA is the plaintiff's sole remedy, and is allowing this issue to proceed to trial because the court does not find that the law says with certainty that no recovery is possible.

## ORDER

September 27, 2005, after reviewing the record, the briefs of counsel, and the applicable law, the court hereby denies the defendants' preliminary objection arguing that the plaintiff's case should be dismissed in its entirety due to the exclusivity of the Workers' Compensation Act.

The defendants must file an answer to the amended complaint.