J-A14021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LINDSAY FRANCZYK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellees | : | |
| | : | |
| v. | : | |
| | : | |
| THE HOME DEPOT, INC. D/B/A HOME | : | |
| DEPOT, PHILIP ROGERS, AND | : | |
| THOMAS MASON | : | |
| | : | |
| Appellants | : | No. 1090 WDA 2020 |

Appeal from the Order Entered May 15, 2020
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-18-010285

BEFORE: MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:           **FILED: SEPTEMBER 24, 2021**

Appellants, the Home Depot, Inc. d/b/a Home Depot, Philip Rogers, and Thomas Mason, appeal from the order entered in the Allegheny County Court of Common Pleas, which denied their motion for summary judgment in this negligence action.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On August 8, 2018, Appellee Lindsay Franczyk filed a complaint against Appellants. Appellee alleged that on December 9, 2016, while she was working as an employee at the Home Depot, a female customer entered the

---

[1] As discussed in more detail later in this memorandum, this interlocutory appeal is properly before us under Pa.R.A.P. 1311 (governing interlocutory appeals by permission).

store with a dog. Appellee claimed that Home Depot has a posted store policy prohibiting customers from bringing their pets into the store. Notwithstanding the stated store policy, Appellee insisted that her supervisors regularly permitted customers to bring pets into the store. On the date in question, while Appellee was acting within the course and scope of her employment, the customer's dog bit Appellee on her arm. Another customer witnessed the incident. Appellee did not approach the dog's owner following the bite; instead, Appellee initially reported the incident to her direct supervisor, Laura Gillespie, and then to store managers, Appellants Philip Rogers and Thomas Mason. According to Appellee, Mr. Rogers and Mr. Mason spoke to the dog owner but permitted her to leave the store without obtaining any of her identifying information. Mr. Rogers and Mr. Mason also spoke to the customer who witnessed the incident and similarly let that customer leave without obtaining her identifying information.

Appellee claimed that neither Mr. Rogers nor Mr. Mason offered her an opportunity to seek medical treatment and informed her that if she did not report for work in two days for her next shift, Appellee would cost the store $130,000.00. Appellee was ultimately diagnosed with cubital tunnel syndrome because of the dog bite and sustained pain and suffering. Appellee alleged Appellants were negligent in their investigation in the incident, which deprived Appellee of an opportunity to seek damages against the dog owner or to report the dog bite to the Department of Health.

Appellants filed preliminary objections on August 28, 2018. Appellee filed an amended complaint on September 17, 2018. Appellants filed preliminary objections to the amended complaint on September 27, 2018, which Appellee responded to on October 19, 2018. On November 5, 2018, the court overruled Appellants' preliminary objections.

On November 9, 2018, Appellants filed an answer and new matter to the amended complaint. In their new matter, Appellants insisted Appellee's claim was barred by the exclusivity provision of the Workers' Compensation Act ("WCA") at 77 P.S. § 481. Appellants emphasized that Appellee had filed a claim for benefits under the WCA, and Appellee was reimbursed for all medical expenses and lost wages as a result of that claim.

Appellants filed a motion for judgment on the pleadings on January 4, 2019, reiterating their allegation that Appellee's claim was barred under the exclusivity provision of the WCA. Appellee subsequently filed her own motion for judgment on the pleadings on liability, claiming that Appellants had failed to verify their answer and new matter or make specific denials. On January 29, 2019, Appellee filed a reply to Appellants' new matter. On March 29, 2019, the court granted Appellants leave to file an amended answer and new matter, which they filed on April 4, 2019. On April 8, 2019, the court denied Appellee's motion for judgment on the pleadings regarding liability. The court denied Appellants' motion for judgment on the pleadings on April 11, 2019.

On December 6, 2019, Appellants filed a motion for summary judgment

reiterating their argument that Appellee's negligence claim was barred by the exclusivity provision of the WCA. Appellants highlighted that Appellee did not dispute that she sustained the dog bite during the course and scope of her employment at the Home Depot.[2] Following the grant of an extension of time, Appellee filed a response in opposition to the summary judgment motion on January 15, 2020.

The court denied Appellants' motion for summary judgment on May 15, 2020. On June 5, 2020, Appellants filed a motion to amend the May 15th order to authorize an immediate appeal per 42 Pa.C.S.A. § 702(b) (stating: "When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order"). Alternatively, Appellants asked the court to reconsider its ruling on the summary judgment motion. On July 9, 2020, the court granted Appellants' motion to amend the May 15, 2020 order, to include the

---

[2] Appellants also alleged Appellee's claim was barred by the economic loss doctrine. Appellants do not advance this theory on appeal, so we give it no further attention.

relevant language from Section 702(b).[3]

On August 8, 2020, Appellants filed a petition for review in this Court under Rule 1311(a)(1) (stating appeal may be taken by permission from interlocutory order certified under 42 Pa.C.S.A. § 702(b)). This Court granted Appellants' petition for review on October 19, 2020, stating that this matter shall proceed as an appeal from the May 15, 2020 order.

Appellants raise one issue for our review:

> Whether the trial court committed reversible error in denying [Appellants'] motion for summary judgment pursuant to the Pennsylvania [WCA], 77 P.S. § 481(a) as Appellee's injury on December 9, 2016 occurred in the course and scope of her employment for which she received workers' compensation benefits?

(Appellants' Brief at 4).

Our standard of review in evaluating a trial court's grant or denial of summary judgment is well-settled:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered.
>
> Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

---

[3] No Pa.R.A.P. 1925(b) concise statement was ordered or filed.

***Hall v. CNX Gas Co., LLC***, 137 A.3d 597, 601 (Pa.Super. 2016), *appeal denied*, 639 Pa. 382, 160 A.3d 787 (2016) (internal citation omitted).

Appellants argue that under the WCA, a workers' compensation action is the only remedy available to Appellee for the alleged injuries she sustained on December 9, 2016. Appellants assert that once an employee has availed herself of the benefits and protections of the WCA, the employee must operate within the confines of the statute. Appellants emphasize that it is undisputed that the dog bite incident occurred during the course and scope of Appellee's employment at the Home Depot. Appellants also highlight that Appellee filed for, and was granted, workers' compensation benefits in connection with this incident. Appellants conclude there is no genuine issue of material fact as to the applicability of the WCA or Appellee's employment status at the time of the incident, and this Court should reverse the order denying Appellants' motion for summary judgment.

In response, Appellee argues that Appellants' failure and refusal to determine the identity of the customer whose dog bit Appellee prevented her from seeking recovery against the actual tortfeasor for the injuries, losses and damages she suffered, consistent with Appellee's rights under Section 481(b) of the WCA. According to Appellee, "[b]y enacting Section 481(b) of the [WCA], the Pennsylvania Legislature emphatically reaffirmed and guaranteed the rights of employees to file suit and seek redress against such non-employer third parties." (Appellee's Brief at 15). Nevertheless, Appellee

asserts that the rights described in Section 481(b) "can only be enforced and prosecuted if the injured employee knows the identity of the third-party tortfeasor who caused such injury. Where the inured employee does not know the identity of such third-party tortfeasor, the injured employee is thereby deprived of the ability to enforce…her Section 481(b) right." (*Id.*) Appellee stresses that she is not basing her claims against Appellants upon any adverse condition of the Home Depot store or the dog bite she suffered; rather, Appellee's negligence claim stems from Appellants' failure to investigate the dog bite, which caused Appellee to lose the ability to enforce her rights guaranteed under both Section 481(b) of the WCA and Pennsylvania's common law. Relying on *Dittman v. UPMC*, 649 Pa. 496, 196 A.3d 1036 (2018), Appellee contends that Appellants had a common law duty to protect and preserve her right and ability to seek redress against the third-party tortfeasor. For the following reasons, we cannot grant Appellants relief.

With respect to the general provisions under the WCA, this Court has stated:

> In general, the WCA provides the sole and exclusive remedy for an employee who seeks to recover for an injury sustained during the course of…her employment. …
>
>        \*     \*     \*
>
> Th[e exclusivity] provision limits an employer's tort exposure and grants an employee a statutory remedy for all work related injuries. In exchange for the right to compensation without the burden of establishing fault, employees gave up their right to sue the employer in tort for injuries received in the course of employment. An

employer must assume liability under the Act regardless of fault in exchange for insulation from a potentially larger verdict in a common law action.

Where an employee's injury is compensable under the Act, the compensation provided by the statute is the employee's exclusive remedy.

*Soto v. Nabisco, Inc*. 32 A.3d 787, 790-91 (Pa.Super. 2011), *appeal denied*,

616 Pa. 659, 50 A.3d 126 (2012) (some internal citations and quotation marks

omitted).

The exclusivity provision of the WCA provides:

**§ 481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party**

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, [her] legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

(b) In the event injury or death to an employe is caused by a third party, then such employe, [her] legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 P.S. § 481 (internal footnotes omitted). Nevertheless, the exclusivity

- 8 -

provision of the WCA is not absolute and there are exceptions to it. ***See, e.g., Martin v. Lancaster Battery Company, Inc.***, 530 Pa. 11, 606 A.2d 444 (1992) (holding employee's claim of fraudulent misrepresentation was actionable at common law and not barred by exclusivity provision of WCA where employee was not seeking damages for injuries caused by exposure to lead and dust in workplace, which were covered by WCA; instead, employee sought damages for aggravation to lead-related injuries due to employer's failure to communicate test results evincing employee's actual condition); ***Krasevic v. Goodwill Indus. of Central Pennsylvania, Inc.***, 764 A.2d 561 (Pa.Super. 2000), *appeal denied*, 567 Pa. 743, 788 A.2d 377 (2001) (explaining that under "personal animus" or "third party attack" exception, exclusivity provision of WCA does not preclude damage recoveries by employee, based upon employer negligence in maintaining safe workplace, if such negligence is associated with injuries inflicted by co-worker for purely personal reasons).

In ***Dittman, supra***, employees filed a class action suit against the University of Pittsburgh Medical Center ("UPMC"), alleging that a data breach had occurred through which personal and financial information of the employees was accessed and stolen. In their count for negligence against UPMC, employees alleged that UPMC had a duty to exercise reasonable care to protect their personal and financial information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties. Our Supreme

Court agreed, holding that "in collecting and storing [e]mployees' data on its computer systems, UPMC owed [e]mployees a duty to exercise reasonable care to protect them against an unreasonable risk of harm arising out of that act." ***Dittman, supra*** at 514, 196 A.3d at 1047.

Instantly, the trial court analyzed Appellants' issue as follows:

> [Appellee] testified in her deposition that after being bitten by the dog, and reporting the incident to her direct supervisor, she pointed out the dog and its owner to [Appellants] Rogers and Mason, who escorted the dog owner out of the store and talked to her. [Appellee] was instructed to remain at the service desk while [Appellants] Rogers and Mason went to speak to the dog owner. [Appellants] failed to obtain any identifying information from the dog owner or any witnesses to the dog bite. [Appellee] filed the above-captioned lawsuit against [Appellants] claiming negligence for [Appellants] Rogers and Mason's failure to properly investigate the incident and allowing the dog owner and witnesses to leave the premises without obtaining identifying information. [Appellants] filed for Summary Judgment based on 77 P.S. § 481(a), which provides that Workers Compensation is the sole relief available against any employer for a work-related injury sustained by an employee. However, when the injuries are the result of the negligence of a third party, the employee may also bring an action against the third party. …
>
> *     *     *
>
> Simply put, [Appellants] cannot [fail] to obtain any identifying information from the third party, and then turn around and tell [Appellee] that her only other remedy in this case is against that third party who she has no way to identify. At a minimum, there exists a genuine question as to whether the failure to obtain that information rises to the level of negligence and summary [judgment] is inappropriate.

(Trial Court Opinion, filed December 17, 2020, at 2-4) (internal citations

omitted).  We agree with the trial court's reasoning.

Appellee alleged that after the dog bite, she reported the incident to her direct supervisor, and then to Appellants Mason and Rogers, who were managers of the store.  Although Appellants Mason and Rogers spoke to both the owner of the dog who bit Appellee and the customer who witnessed the dog bite, they permitted both customers to leave the store without obtaining any of their identifying information.  These actions effectively stripped Appellee of her ability to file a claim against the third-party dog owner, as contemplated by our legislature in Section 481(b).  **See** 77 P.S. § 481(b).  Appellee insists that her negligence claim against Appellants is not based on the actual dog bite, but on Appellants' interference with her right to commence an action against the third-party tortfeasor.  We agree with the trial court that Appellants are estopped from claiming immunity under the WCA when they are responsible for Appellee's inability to seek redress from the wrongdoer.  On this record, we cannot say that the trial court committed an error of law or abused its discretion in denying Appellants' motion for summary judgment.  **See Hall, supra**.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2021