**[J-62-2022] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| LINDSAY FRANCZYK, | : | No. 11 WAP 2022 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered September |
| | : | 24, 2021 at No. 1090 WDA 2020, |
| v. | : | affirming the Order of the Court of |
| | : | Common Pleas of Allegheny County |
| | : | entered May 15, 2020 at No. GD-18- |
| THE HOME DEPOT, INC. D/B/A HOME | : | 010285. |
| DEPOT, PHILIP ROGERS, AND THOMAS | : | |
| MASON, | : | ARGUED:  November 29, 2022 |
| | : | |
| Appellants | : | |

**CONCURRING OPINION**

**CHIEF JUSTICE TODD**                                    **DECIDED: APRIL 19, 2023**

The majority holds that the exclusivity provision of the Workers' Compensation Act ("WCA"), 77 P.S. § 481, precludes Lindsay Franczyk's civil tort action, in which she alleged that her employer negligently investigated her work injury by failing to obtain identification information from the third-party tortfeasor, thereby undermining her ability to seek relief against that tortfeasor. Interpreting the statutory language of the exclusivity provision, along with the WCA's definition of "injury," the majority concludes that Franczyk's claims are barred because the alleged negligent acts arose in the course of her employment.

For the reasons set forth *infra*, I agree with the majority's holdings in this regard, as an employer's negligence in investigating an employee's work injury generally arises in the course of employment, as it did here, and the liability of the employer under such circumstances rests exclusively under the WCA. I write separately, however, as I fear

the majority's opinion may be interpreted as precluding common law actions, not at issue here, where the employee alleges that the employer intentionally interfered with the employee's statutory right to sue a third-party tortfeasor.

Like the majority, my analysis begins with the relevant statutory language of the WCA's exclusivity provision, which states that the "liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees . . . in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1)." *Id.* § 481(a). Relevant here, Section 301(c)(1) of the WCA, in turn, defines "injury" and "personal injury" to mean "an injury to an employe, regardless of his previous physical condition . . . arising in the course of his employment and related thereto." *Id.* § 411(1). Additionally, the WCA expressly authorizes an employee to commence an action against a third party who causes the employee injury, while shielding the employer from liability to the third party for damages, contribution, or indemnity. *Id.* § 481(b).

As observed by the majority, this statutory language reflects a legislative compromise whereby the employer assumes liability for a work injury without fault, but is granted a certain measure of immunity from liability in tort. The employee benefits from the prompt payment of compensation, but sacrifices a common law tort action against the employer for damages for his work-related injuries.

Keeping in mind this legislative compromise, and acknowledging the broad statutory language addressing the exclusivity of the WCA, this Court, in *Martin v. Lancaster Battery Co., Inc.*, 606 A.2d 444 (Pa. 1992), concluded such exclusivity was not without exception. In *Martin*, the employee filed a civil tort claim against his employer, alleging that the employer's fraudulent misrepresentation of the employee's blood test results caused a delay in the employee's ameliorative treatment and aggravated the original work injury. In holding that the lawsuit was actionable at common law and not

barred by the exclusivity provision of the WCA, this Court emphasized two components of the claim that distinguished it from claims recoverable solely under the WCA.

First, the claim did not seek compensation for the work-related injury itself. *Id.* at 447. The claim was indisputably related to a work injury to the extent that the relief sought damages for the aggravation of the original work injury. Notably, however, the compensation sought was severable from any workers' compensation benefits recoverable as a result of the original work injury.

Second, the claim alleged intentional employer misconduct that fell outside the compromise struck by the WCA's exclusivity clause. This Court reasoned that "when the Legislature enacted the [WCA] in this Commonwealth, it could not have intended to insulate employers from liability for the type of flagrant misconduct at issue herein by limiting liability to the coverage provided by the [WCA]." *Id.* at 448. We recognized the "difference between employers who tolerate workplace conditions that will result in a certain number of injuries or illnesses and those who *actively* mislead employees already suffering as the victims of workplace hazards, thereby precluding such employees from limiting their contact with the hazard and from receiving prompt medical attention and care."[1] *Id.* (emphasis original). Because the aggravation of the injury arose from the employer's fraudulent misrepresentation of the employee's blood test results, this Court concluded that the employee was not limited to the remedies under the WCA, and could pursue a common law action. *Id.*

---

[1] This Court in *Martin* distinguished our prior decision in *Poyser v. Newman & Co.*, 522 A.2d 548 (Pa. 1987), which held that the exclusivity provision precluded an employee's action against the employer for a work-related injury caused by the employer's willful and wanton disregard for employee safety by fraudulently misrepresenting factory safety conditions to federal safety inspectors. The *Martin* Court held that, unlike in *Poyser*, the fraudulent misrepresentations before it were made directly to an employee and related to an aggravation of a work injury. *Martin*, 606 A.2d at 447.

In my view, the instant appeal boils down to whether the exception to the WCA's exclusivity rule we recognized in *Martin* applies where, as here, the common law action alleged that the employer's negligent investigation of the work injury impaired the employee's right to sue the third-party tortfeasor. The majority essentially finds the *Martin* exception inapplicable on two grounds: (1) the nature of the claim alleged (*i.e.*, the negligence of the employer in investigating the work injury); and (2) the lack of severability between the work injury and the alleged loss of the third-party claim against the tortfeasor.

I would resolve this appeal based solely on the first ground, as I agree with the majority that *Martin* should not be extended to the circumstances before us where the common law claims sound in negligence. The majority, however, also holds that Franczyk's common law action does not fall under *Martin's* exclusivity exception because she failed to demonstrate that the alleged loss of a third-party action is "truly separable" from her work injury, concluding instead that any loss of the claim against the third-party tortfeasor is inextricably intertwined with the work injury. Majority Opinion at 16. The majority further highlights difficulties that may arise in proving losses resulting from an employer's impairment of an employee's statutory right to sue a third-party tortfeasor. *Id.* at 17-18.

I distance myself from that portion of the majority opinion, as I find the commentary unnecessary because the nature of the claims alleged by Franczyk clearly removes this case from the ambit of *Martin's* exclusivity exception. As noted, this case involves mere allegations of negligence, and does not involve intentional misconduct by the employer akin to the fraudulent misrepresentation that caused injury to the employee in *Martin*. In my view, no further analysis is required.

My hesitancy to definitively resolve the separability issue also derives from the realization that, although the legislative compromise leading to the WCA's exclusivity

provision causes employees to sacrifice certain common law claims against their employer, employees do not sacrifice any causes of action against third-party tortfeasors who either caused or contributed to the work injury. Accordingly, similar to the recognition in *Martin* that there is a difference between employers who tolerate workplace conditions that result in injuries and those who cause injury by fraudulent misrepresentation, in the appropriate case there may likewise be a distinction between an employer's negligent investigation of a work injury, which results in the mere impairment of the employee's right to sue a third-party tortfeasor, and an employer's intentional interference with that right.[2] The majority's finding of non-severability here could be interpreted as foreclosing the latter common law cause of action as a matter of law.

Accordingly, I would leave the severability issue for another day in an appeal where that determination is necessary to the disposition of the case — that is, one in which an employer's intentional interference with an employee's right to sue a third-party tortfeasor is at issue — and would resolve the instant matter based on the nature of the claim raised.

---

[2] Such scenario might occur where, for example, the employer either intentionally destroyed or withheld evidence to preclude the employee from filing a third-party tortfeasor action adverse to the employer's business interests, or where the employer intimidated co-employees, causing them not to cooperate or appear as witnesses in the employee's third-party tort action.